# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| COREY E. FISHERMAN, | Case No. 19-cv-0180 (SRN/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| TI G. WEST, | |
| Respondent. | |

On January 24, 2019, petitioner Corey E. Fisherman submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of a robbery conviction incurred in state court. *See* Petition [Docket No. 1]. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a habeas corpus petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Fisherman's petition, by contrast, stated only that he "would like to vacate [his sentence]." Petition at 5. Nowhere did Fisherman set forth the specific grounds upon which he believed he was entitled to relief from his conviction or sentence. Accordingly, this Court ordered Fisherman to submit an amended habeas corpus petition by no later than March 1, 2019, that set forth his claims for relief consistent with the Rules Governing Section 2254 Cases, failing which it would be recommended that the matter be dismissed without prejudice for failure to prosecute. *See* Docket No. 3.

This Court has since received from Fisherman a "motion for downward dispositional or durational departure" that appears to have been filed originally in state court; the motion is addressed to that court and dated June 19, 2017, well before the

1

commencement of this action. *See* Docket No. 7. In a letter filed contemporaneous with that motion, Fisherman states that "I've sent all documents suggested what I've ask for in the documents set forth." Docket No. 8-1 at 1 (spelling corrected but otherwise sic throughout).

The problem is that it is not enough that Fisherman has "suggested" what claims he intends to raise in these habeas corpus proceedings. As stated above, Rule 2(c) requires that a habeas corpus petitioner "*specify* all the grounds for relief" in his petition (emphasis added). This rule protects both parties. The respondent cannot easily answer a habeas petition in which the claims being raised have been left unclear. Just as importantly, though, a clear statement of the specific claims being raised ensures that all such claims are adjudicated appropriately — a necessary protection for the habeas corpus petitioner, who rarely is afforded a second bite at the apple. *See* 28 U.S.C. § 2244(b). Both parties' interests are endangered when a petitioner submits a vague habeas petition and a handful of state-court documents while suggesting that his claims are to be found somewhere within, as Fisherman has in effect done here.

This Court previously warned Fisherman that failure to submit an amended habeas corpus petition that complies with the Rules Governing Section 2254 Cases would result in a recommendation that this matter be dismissed without prejudice for failure to prosecute. *See* Docket No. 3. Fisherman has not complied with that order. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute.[1] *See Henderson v.*

---

[1] The state-court documents submitted by Fisherman suggest that he has fully exhausted only claims brought pursuant to *state* law. *See* ECF Nos. 1-2 & 7. But "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quotation omitted). A substantive review of Fisherman's petition, based on the

*Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Two matters merit further comment:

First, should the petition be dismissed as recommended, Fisherman's application to proceed *in forma pauperis* may also be denied.  *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

Second, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Fisherman's current habeas corpus petition differently than it is being treated here. Fisherman has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Fisherman should not be granted a COA in this matter.

---

little that he has submitted, would therefore require dismissal of the petition *with* prejudice and on the merits, thereby likely precluding Fisherman from again seeking federal habeas corpus relief from his conviction.  *See* 28 U.S.C. § 2244(b).  By contrast, this Court's recommendation of dismissal *without* prejudice for failure to prosecute allows Fisherman to return to federal district court at the appropriate time with a habeas corpus petition complying with the Rules Governing Section 2254 Cases.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED:

1. This matter be DISMISSED WITHOUT PREJUDICE for failure to prosecute.

2. Petitioner Corey E. Fisherman's application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

3. Fisherman's motion for downward dispositional or durational departure [Docket No. 7] be DENIED AS MOOT.

4. No certificate of appealability be issued.

Dated: March 13, 2019                s/David T. Schultz
                                     DAVID T. SCHULTZ
                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).